**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia C Smith, | No. CV-20-08015-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Wilkie, et al., | |
| Defendants. | |

Before the Court are three filings by Plaintiff Cynthia C. Smith: a motion to appoint counsel (Doc. 13); a response to the Court's April 16, 2020 Order to Show Cause (Doc. 12); and a motion for default judgment. (Doc. 14.) The Court will address them in turn.

Plaintiff requests that the Court appoint counsel to represent her in this case (Doc. 13). Her motion states:

> In light of recent mishaps in filing this claim, I respectfully request assignment of coun[sel] to alleviate the frustration that comes with self-representation. Under the court[']s self-service clinic, I do not qualify, due to living out of state (Indiana).

(*Id*. at 1.)

Generally, there is no constitutional right to appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). However, the 1964 Civil Rights Act "provides for appointment of counsel in employment discrimination cases in such circumstances as the court may deem just." *Bradshaw v. Zoological Society*

*of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (internal quotations omitted). Plaintiff's Complaint states that it is for employment discrimination. (Doc. 1.) In determining whether appointment of counsel is warranted in these cases, the Court must assess: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Id*. A district court should appoint counsel only under exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff fails to support her motion with any information addressing the factors identified above or reason to believe that the case presents exceptional circumstances. Accordingly, the motion for appointment of counsel is denied without prejudice. Plaintiff may, if she so chooses, file a new motion addressing these deficiencies.

The next issue is Plaintiff's response to the Order to Show Cause. (Doc. 12.) On April 16, 2020, the Court ordered Plaintiff to show cause why Defendants Robert Wilkie and the Department of Veterans Affairs should not be dismissed pursuant to Fed. R. Civ. P. 4(m); and why Defendant Northern Arizona Veterans Affairs Healthcare System should not be dismissed pursuant to Fed. R. Civ. P. 4(i) and 4(m). (Doc. 10.) The Court also noted that "[f]ailure to timely show cause may result in dismissal of this case without further notice to Plaintiff." (*Id*. at 1.) Plaintiff's response did not address Robert Wilkie or the Department of Veterans Affairs. Plaintiff has also not subsequently filed any proof of service. Accordingly, the Court will dismiss these Defendants without prejudice.

With respect to Defendant Northern Arizona Veterans Affairs Healthcare System, Plaintiff's response states, "On February 4, 2020, the defendants at the Northern Arizona VA Healthcare Systems were successfully served by Alliance Investigations, LLC…The complaint was received by Martha Lockwood at 11:00 am. I received the summons around February 13, 2020." (Doc. 12.) The response also includes a proof of service indicating that Martha Lockwood was authorized to accept service on behalf of Northern Arizona VA Healthcare System. (*Id*. at 1.) However, the Court ordered Plaintiff to address the fact that "Plaintiff's purported service on Defendant Northern Arizona Veterans Affairs Healthcare

1  System (Doc. 8) does not comply with the requirements of Rule 4(i) of the Federal Rules
2  of Civil Procedure." (Doc. 10 at 1.) Rule 4(i) describes specific requirements for serving
3  the United States and its agencies, corporations, officers, or employees. Fed. R. Civ. P.
4  4(i). Plaintiff has not addressed these requirements and accordingly has not complied with
5  the Court's Order to Show Cause as to this defendant, either.

6  Plaintiff has also filed a motion for default judgment. (Doc. 14.) As noted above and
7  in the Court's Order at Doc. 10, Plaintiff has not demonstrated proper service on any
8  defendant in this case. Accordingly, the motion for default judgment is denied.

9  Because Plaintiff's time to properly serve has now expired, *see* Fed. R. Civ. P. 4(m),
10 Plaintiff must seek an extension of time to serve Northern Arizona Veterans Affairs
11 Healthcare System. Plaintiff must meet the factors required to justify an extension of time
12 to serve. If no motion is forthcoming within 14 days, the case will be dismissed for failure
13 to prosecute pursuant to Fed. R. Civ. P. 41(b).  Accordingly,

14 **IT IS ORDERED** denying Plaintiff's Motion to Appoint Coun[sel] without
15 prejudice. (Doc. 13.)

16 **IT IS FURTHER ORDERED** that Defendants Robert Wilkie and the Department
17 of Veterans Affairs are dismissed from this action without prejudice. Because one
18 Defendant remains, the Clerk's Office shall not enter judgment at this time.

19 **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Default Judgment.
20 (Doc. 14.)

21 **IT IS FINALLY ORDERED** that Plaintiff must file a motion to extend the time to
22 serve Defendant Northern Arizona Veterans Affairs Healthcare System no later than 14
23 days from the date of this Order. Failure to do so will result in dismissal of this case.

24 Dated this 28th day of May, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge