**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia C Smith, | No. CV-20-08015-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Northern Arizona Veterans Affairs Healthcare System, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Time Exten[s]ion to Serve Process (Doc. 16), in which Plaintiff Cynthia C. Smith requests an unspecified time extension to effectuate proper service of process on Defendant Northern Arizona Veterans Affairs Healthcare System ("Northern Arizona VA").

Plaintiff, *pro se*, filed this case on January 15, 2020. On April 16, 2020, the Court ordered Plaintiff to show cause for her failure to serve Defendants Robert Wilkie, the Department of Veterans Affairs, and the Northern Arizona VA. (Doc. 10.) The Court specifically ordered Plaintiff to show cause why Defendant Northern Arizona VA should not be dismissed for failure to complete the service required by Fed. R. Civ. P. 4(i). (*Id.*) Plaintiff's response (Doc. 12) did not address Defendants Robert Wilkie and the Department of Veterans Affairs; the Court accordingly dismissed them without prejudice. (Doc. 15.) The Court also ordered Plaintiff to file a motion to extend the time for service on Defendant Northern Arizona VA within 14 days. The pending motion resulted.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a

defendant within 90 days of filing a complaint. Further, Rule 4(i) describes specific requirements for serving the United States and its agencies, corporations, officers, or employees. If a defendant is not timely served, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause, "the court must extend the time for service for an appropriate period." *Id.*

The first issue is whether Plaintiff showed "good cause" for the improper service. As noted, if a plaintiff shows good cause, the court "must" extend the time for service. Fed. R. Civ. P. 4(m). In the Ninth Circuit, at "a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)). Plaintiff's motion states only:

> Your honor, today I humbly request a time extension to serve the U.S. Attorney Office, in the District of Arizona. Agency's attorney Alfred Steinmetz, usually served as agency's counsel (see Exhibit 1), I realize now, it has to be sent to the U.S. Attorney [sic] Office.

(Doc. 16 at 1.) This does not provide good cause. As the Supreme Court has noted, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]" *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The Court is therefore not required to extend the time for service.

Absent a showing of good cause, a district court has "broad" discretion to either dismiss the case without prejudice or to permit an extension of time. *Hearst v. West*, 31 F. App'x 366, 369 (9th Cir. 2002). The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "that, under the terms of the rule, the court's discretion is broad." *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D. Hawai'i Aug.18, 2011) (quoting *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)).

Plaintiff, as a *pro se* litigant, must comply with the Federal Rules of Civil Procedure and all Court orders. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986).

Nonetheless, Courts have "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see also Borzeka v. Heckler*, 739 F.2d 444, 447 n. 2 (9th Cir. 1984) (defective service of complaint by pro se litigant does not warrant dismissal). The Court also notes that, although Plaintiff's motion does not provide much detail, it appears that Plaintiff has attempted to determine the proper manner in which to serve Defendant Northern Arizona VA.[1] In light of these factors, the Court will exercise its discretion and provide Plaintiff with one final opportunity to effectuate proper service.

In so ruling, the Court emphasizes that it has now provided Plaintiff with multiple opportunities to serve Defendant Northern Arizona VA. This case has also been pending for nearly six months. The Court will not grant any additional extensions. The Court further advises that it fully expects Plaintiff to familiarize herself and comply with all applicable rules and law, including but not limited to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Procedure, for the duration of this case. Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Time Exten[s]ion to Serve Process (Doc. 16).

**IT IS FURTHER ORDERED** that Plaintiff effectuate proper service on Defendant Northern Arizona Veterans Affairs Healthcare System within **21 days** of the date of this order. Failure to do so will result in dismissal of the case without prejudice.

Dated this 2nd day of July, 2020.

Michael T. Liburdi
United States District Judge

---

[1] A litigant "who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to ... assist and guide the *pro se* layman[.]" *Jacobsen*, 790 F.2d at 1365 n. 5 (citation omitted). The Court does not intend to assist Plaintiff or to indicate whether her description of the anticipated method of service will be proper under the Federal Rules of Civil Procedure.