**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia C Smith, | No. CV-20-08015-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Wilkie, et al., | |
| Defendants. | |

Pending before the Court are Defendant Northern Arizona Veteran Affairs Healthcare System's ("Defendant") Motion to Dismiss, (Doc. 20), Plaintiff Cynthia C. Smith's ("Plaintiff") Motion for an Extension of Time to Serve the Attorney General of the United States, (Doc. 22), and Plaintiff's Application for Entry of Default, (Doc. 28). For the following reasons, Defendant's Motion is granted, and Plaintiff's motions are denied as moot.

## BACKGROUND

Plaintiff filed suit on January 15, 2020, alleging race, age, and disability discrimination, and harassment and retaliation in the workplace. (Doc. 1.) Plaintiff alleges in her Complaint that she received a "Right–to–Sue" Letter from the Equal Employment Opportunity Commission ("EEOC") on October 15, 2019. *Id.* at 9. However, the letter itself states that it was issued on August 29, 2019. *Id.* at 24. In her complaint, Plaintiff includes an email exchange confirming she received the Right-to-Sue Letter via email on

October 15, 2019.[1] *Id.* at 20. Although she explains in her response that she received the email after inquiring into the status of her case, the complaint itself contains no allegations of delay. The emailed decision is accompanied by the explanation: "Attached is the Agency's Final Decision. It appears OEDCA sent it to an old address." *Id.*

Defendant now moves for dismissal of Plaintiff's case for failure to timely bring an action after receipt of the "Right-to-Sue" Letter.

## DISCUSSION

Before a claimant can file a civil action under Title VII, the Age Discrimination in Employment Act ("ADEA"), or the Americans with Disabilities Act ("ADA"), she must file a timely charge of discrimination with the EEOC. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). If the EEOC dismisses the charge, the claimant has 90 days to file a civil action. 42 U.S.C. § 2000e–5(f)(1) (adopting 90-day time limit for suits under Title VII); 42 U.S.C. § 12117 (ADA); 29 U.S.C. § 626 (ADEA). This 90-day period operates as a statute of limitations; if the claimant fails to bring suit in that time, her action is time-barred. *Payan v. Aramark Mgmt. Services Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007). "The statute of limitations begins to run from the date on which a right-to-sue letter is delivered to either the claimant or his attorney, whichever comes first." *Rhodes v. Raytheon Co.*, 555 F. App'x 665, 667 (9th Cir. 2014).

Plaintiff's "Right-to-Sue" Letter is dated August 29, 2019. (Doc. 1 at 24.) She asserts however, that "[o]n October 15, 2019 the Agency sent [her] its Final Agency

---

[1] A court is generally confined to the pleadings on a motion to dismiss; "[a] court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Because the documents attached to the Plaintiff's Complaint (Doc. 1) are ones upon which Plaintiff's complaint depends and the parties do not dispute the authenticity of the documents, the Court considers them. *See Nelson v. Nelson*, No. 2:17-CV-1333-EFB, 2018 WL 1392885, at *3 (E.D. Cal. Mar. 20, 2018) ("The emails may be considered under the incorporation by reference doctrine as the contents of the emails are alleged in the complaint and no party questions the authenticity of the emails.").

Decision." *Id.* at 9. Plaintiff's complaint includes an email confirming she received the final decision via email that day. *Id.* at 20. However, Plaintiff did not file her Complaint until January 15, 2020, 92 days after her asserted receipt of the Right-to-Sue Letter. Therefore, Plaintiff failed to file her claims within the required 90-day period.

Plaintiff's pro se status does not extend this time limit. *Payan*, 495 F.3d at 1127. ("Because Payan did not file her complaint until January 2, 2004, three days beyond the ninety-day period, the district court properly dismissed her claims as untimely. Payan's pro se status does not afford her different treatment under these standards."); *see, e.g.*, *Theodule v. Blue Mercury*, No. 17-CV-05581-DMR, 2018 WL 4110555, at *5 (N.D. Cal. Aug. 29, 2018) ("Her ignorance of the law due to her pro se status is not a basis for equitable tolling."). Nor do Plaintiff's allegations suggest that the statutory period was tolled. "Equitable tolling is applied in extreme cases only." *Rhodes*, 555 Fed. App'x. at 668 (citation omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't Veterans Affs.*, 498 U.S. 89, 96 (1990)). However, "invocation of the equitable tolling doctrine is not appropriate in cases in which the litigant has failed to meet a deadline as a result of 'garden variety' neglect." *Washington v. Garrett*, 10 F.3d 1421, 1437 (9th Cir. 1993) (citation omitted).

In this case, Plaintiff has proffered no justifiable reason entitling her to equitable tolling. She has not alleged any facts which demonstrate that she exercised due diligence to meet the 90-day deadline, nor any evidence that some extraordinary circumstance stood in her way. Accordingly, she has not satisfied the high standard necessary for this Court to apply equitable tolling. *See, e.g.*, *Rhodes*, 555 Fed. App'x. at 667–68 (holding that the district court did not abuse its discretion in declining to apply the doctrine of equitable tolling where the plaintiff's "complaint was filed one day late"); *Gonzalez v. Adecco N. Am., LLC*, No. 06-cv-395-AS, 2007 WL 54780, at *2 (D. Or. Jan. 3, 2007) ("Plaintiff did not file anything within the limitations period, and did not otherwise exercise due diligence

to preserve her legal rights, which would warrant equitable tolling."). Plaintiff's claims are thus time-barred and dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's claims are time-barred.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 20) is **GRANTED.** The Clerk of the Court is directed to enter a judgment of dismissal with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time to Serve the Attorney General of the United States (Doc. 22) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Request for Entry of Default. (Doc. 28) is **DENIED AS MOOT.**

Dated this 31st day of December, 2020.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge